FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 30, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICHOLAUS MILEY,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>ANNA PYLYPETS,<br><br>　　　　　　　　Defendant. | NO: 2:18-CV-088-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant Anna Pylypets's Motion for Summary Judgment, ECF No. 31. Ms. Pylypets moves for complete summary judgment on all of *pro se* Plaintiff Nicholaus Miley's claims. Having reviewed the briefing, the relevant law, and the record, the Court is fully informed.

**BACKGROUND**

Nicholaus Miley and Anna Pylypets met on a website called UkraineDate.com in early 2013. ECF No. 33-9 at 6. They eventually got married on July 12, 2014 in Idaho. ECF No. 33-1 at 1. According to allegations made by Mr. Miley, during the time between early 2013 and their marriage in 2014, Ms.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

Pylypets made several statements about her desire to marry Mr. Miley and to start a family with Mr. Miley. ECF No. 1 at 3.

The marriage between Mr. Miley and Ms. Pylypets did not last. The couple separated on September 23, 2015. ECF No. 33-1 at 1. Mr. Miley filed a petition to annul the marriage in Spokane County Superior Court and argued that he married Ms. Pylypets out of pressure, force, or fraud. *Id.* at 2. Additionally, he asked the Superior Court to award him damages because Ms. Pylypets fraudulently induced him to marry her; to issue a decree to the Department of Homeland Security that their marriage was invalid; and to declare a certain immigration form invalid. *Id.* at 11. In response, Ms. Pylypets petitioned the court for divorce. ECF No. 33-3 at 5. On the morning of trial for the marriage dissolution proceedings, Mr. Miley voluntarily dismissed his petition to annul the marriage based on fraud. ECF No. 33-6 at 17. The Superior Court granted Ms. Pylypets's counterclaim for divorce. ECF Nos. 33-7 & 33-8.[1]

Mr. Miley filed his original complaint in this case on March 9, 2018. ECF No. 1. In that complaint, he claimed that Ms. Pylypets violated the Immigration and Nationality Act, federal criminal law, Washington criminal law, the Fourteenth Amendment, and Washington Superior Court rules. *Id.* The Court dismissed Mr.

---

[1] Mr. Miley has since moved to vacate the Superior Court divorce order, but the Court is not aware of any order from Spokane County Superior Court on Mr. Miley's motion. ECF Nos. 33-11 & 33-15.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

Miley's complaint without prejudice because his federal claims failed to state claims for which relief could be granted and Mr. Miley failed to allege that the amount in controversy exceeded $75,000.  ECF No. 5.  Mr. Miley filed an amended complaint that alleged that Ms. Pylypets is liable for fraud, negligence, and a violation of Washington Superior Court rules.  ECF No. 6.  Ms. Pylypets moves for summary judgment on all of Mr. Miley's claims.  ECF No. 31.

## LEGAL STANDARD

A court may grant summary judgment where "there is no genuine dispute as to any material fact" of a party's prima facie case, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322–33 (1986).  A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  A key purpose of summary judgment "is to isolate and dispose of factually unsupported claims."  *Celotex*, 477 U.S. at 324.

The moving party bears the burden of showing the absence of a genuine issue of material fact, or in the alternative, the moving party may discharge this burden by showing that there is an absence of evidence to support the nonmoving party's prima facie case.  *Celotex*, 477 U.S. at 325.  The burden then shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial.  *See id.* at 324.  The

nonmoving party "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 322 n.3 (internal quotations omitted).

The Court will not infer evidence that does not exist in the record. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990). However, the Court will "view the evidence in the light most favorable" to the nonmoving party. *Newmaker v. City of Fortuna*, 842 F.3d 1108, 1111 (9th Cir. 2016). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## DISCUSSION

### *Subject Matter Jurisdiction*

Ms. Pylypets argues that Mr. Miley has not established subject matter jurisdiction over his claims because the amount in controversy does not exceed $75,000. ECF No. 31 at 9.

A federal court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332. "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem.*

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

*Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). "[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or . . . the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount . . . the suit will be dismissed." *Id.*

To determine the amount in controversy, the district court should rely on the pleadings and any relevant summary-judgment-type evidence. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003). "[T]he party asserting diversity jurisdiction bears the burden of proof," and must prove diversity jurisdiction by a preponderance of the evidence. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986); *accord Valdez*, 372 F.3d at 1117.

The Court dismissed Mr. Miley's first complaint for lack of subject matter jurisdiction because his federal claims lacked legal merit and he failed to allege that the amount in controversy exceeded $75,000 on his state law claims. ECF No. 5. In his amended complaint, Mr. Miley did not re-raise any federal claims, but he alleged that the amount in controversy exceeded $75,000.01 on his state law claims. ECF No. 6 at 2. As to each cause of action in the amended complaint, Mr. Miley claims that he suffered economic and non-economic damages, but does not specify the amount of damages, other than saying that the damages exceed $75,000.01. *Id.* at 12–17.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

On January 4, 2019, counsel for Ms. Pylypets served Mr. Miley with a subpoena for documentation proving that the amount in controversy for this case exceeds $75,000. ECF No. 33-16. Counsel for Ms. Pylypets claims that Mr. Miley never responded to this subpoena. ECF No. 34 at 2. In response to Ms. Pylypets's Motion for Summary Judgment, Mr. Miley stated that the amount in controversy exceeds $75,000, citing to his amended complaint and an exhibit to his response motion. ECF No. 40 at 5. Some of Mr. Miley's exhibits include various checks, receipts, and expenses, but even assuming all of these expenses are recoverable under Mr. Miley's claims, the alleged damages are well below the $75,000[2] threshold that Mr. Miley must meet to establish federal jurisdiction. ECF No. 41 at 5; ECF Nos. 45-10; 45-13; 45-15; 45-30; 45-37; *see also* 28 U.S.C. § 1332.

The Court liberally construes the allegations within *pro se* complaints, but the Court will not invent facts to save a *pro se* plaintiff's complaint. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *Lujan*, 497 U.S. at 888–89. A conclusory allegation in Mr. Miley's amended complaint is not enough to prove that the amount in controversy for his state law claims exceeds $75,000, and Mr.

---

[2] The total amount appears to be $2,957.01 for all the items included in the exhibits.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

Miley's evidence falls well short of proving that the Court has diversity jurisdiction over his action. *Matheson*, 319 F.3d at 1090–91.

The Court finds that it lacks subject matter jurisdiction over this action and dismisses Mr. Miley's first amended complaint. However, if appellate review determines that Mr. Miley did establish the amount in controversy, the Court considers the merits of Ms. Pylypets's Motion for Summary Judgment.

***Fraud Claims***

Mr. Miley makes four fraud claims against Ms. Pylypets, all related to Ms. Pylypets's intentions to marry Mr. Miley. ECF No. 1 at 12–15. Ms. Pylypets moves for summary judgment on the fraud claims because she claims that Mr. Miley did not plead the fraud claims with the required particularity. ECF No. 31 at 6.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "To satisfy Rule 9(b), a pleading must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'" *Caffasso v. Gen. Dynamics C4 Sys., Inc.*, 647 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Ebeid v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)) (brackets in original). A plaintiff's fraud allegations must be specific enough to give the defendants notice of their alleged misconduct so that they can defend against the allegations rather than allege that they have not

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

done anything wrong. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). Fraud claims that fail to identify specific facts about the fraudulent representations should be dismissed under Rule 9(b). *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

Mr. Miley alleges that Ms. Pylypets discussed marriage with him when they first met, including "desires and intentions concerning the essentials of marriage both in law and mutual agreement." ECF No. 6 at 3. He alleges that Ms. Pylypets made false representations to Mr. Miley about her religious beliefs, desire to start a family, and the "bona fides" of marriage in order to circumvent immigration law. *Id.* at 4. He also alleges that she lied about her intentions to enroll in counseling with Mr. Miley to get Mr. Miley to support her in an interview with an immigration official. *Id.* at 5–6. With these alleged misrepresentations, Mr. Miley claims that Ms. Pylypets committed four separate acts of fraud. *Id.* at 13–15.

Except for Mr. Miley's fourth fraud claim, relating to the issuance of a false check to Mr. Miley, Mr. Miley's complaint does not fully allege the "who, what, when, where, and how" of Ms. Pylypets's alleged misrepresentations. Instead, he makes general allegations about Ms. Pylypets's alleged false claims to him about her desire to marry him and claims that her behavior constitutes "fraud." His general allegations do not give Ms. Pylypets a chance to respond to his first three fraud claims. *Kearns*, 567 F.3d at 1124. In response to Ms. Pylypets's argument that Mr. Miley failed to plead fraud with the required specificity, Mr. Miley

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

accused Ms. Pylypets of "grasping at straws" and being afraid of submitting this case to a jury instead of showing that he has pleaded and proved specific fraud claims against Ms. Pylypets. ECF No. 40 at 4. For these reasons, Mr. Miley's first three fraud claims are dismissed for failure to specifically allege the fraudulent conduct committed by Ms. Pylypets.

Assuming, arguendo, that Mr. Miley did plead the fraud claims with the required particularity, the Court examines the merits of Mr. Miley's fraud claims. Mr. Miley's first fraud claim is made under Wash. Rev. Code § 26.09.040 and Idaho Code § 31-501.[3] ECF No. 6 at 12. These statutes concern the procedure for a judicial declaration that a marriage is invalid or should be annulled because the marriage was obtained by fraud. Wash. Rev. Code. § 26.09.040; I.C. § 31-501. Federal courts do not have jurisdiction to issue a decree of divorce or annulment. *McIntyre v. McIntyre*, 771 F.2d 1316, 1317–18 (9th Cir. 1985). Therefore, Mr. Miley's first fraud claim is dismissed.

Mr. Miley's second fraud claim is made under Washington and Idaho common law as to Ms. Pylypets's efforts to obtain an immigration benefit from her marriage to Mr. Miley. ECF No. 6 at 13. Mr. Miley claims that he suffered damages as a result of Ms. Pylypets's efforts to gain an immigration benefit. *Id.* at

---

[3] Mr. Miley states that his first claim is supported by I.C. § 32-5-501, but such a statute does not exist, and the Court construes Mr. Miley's complaint to make a claim under I.C. § 32-501. ECF No. 6 at 12.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

14. To prove fraud under Washington and Idaho law, Mr. Miley needs to show that he has been injured by his reliance Ms. Pylypets's alleged fraudulent statements. *Landstar Inway Inc. v. Samrow*, 325 P.3d 327, 337 (Wash. Ct. App. 2014); *Lindberg v. Roseth*, 46 P.3d 518, 522 (Idaho Ct. App. 2001). Mr. Miley has not shown that he is injured by Ms. Pylypets's obtaining of immigration benefits. Therefore, the Court dismisses his second fraud claim.

Mr. Miley's third fraud claim is made under Wash. Rev. Code § 9A.60.030 for obtaining a signature by deception or duress. ECF No. 6 at 14. That statute is a part of the criminal code for the state of Washington. *See generally* Wash. Rev. Code §§ 9A. Unless a Washington criminal statute expressly provides a civil right of action, a plaintiff cannot enforce a criminal statute for civil damages. *Fenner v. U.S. Bank of Wash.*, 97 Wash. App. 1047, 1047 (Wash. Ct. App. 1999); *see also* Wash. Rev. Code § 9A.82.100 (a statute providing a private right of action for certain criminal statutes, among which section 9A.60.030 is not included). Because section 9A.60.030 does not provide for a private cause of action, Mr. Miley cannot enforce it against Ms. Pylypets for civil damages. Therefore, the Court dismisses Mr. Miley's third fraud claim.

Mr. Miley's fourth fraud claim also relies on a Washington criminal statute: Wash. Rev. Code § 9A.56.060. ECF No. 6 at 15. Like the statute cited in his third fraud claim, the statute here does not provide a private cause of action. *Id.*; *see also* Wash. Rev. Code § 9A.82.100 (not listing section 9A.56.060 as a criminal

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

statute that provides a private cause of action). Therefore, the Court dismisses Mr. Miley's fourth fraud claim for failing to state a claim on which relief can be granted.

*Negligence*

Mr. Miley argues that Ms. Pylypets is liable for negligence because she failed to rectify her issuance of an improper check. ECF No. 6 at 15. He also claims that Ms. Pylypets was negligent in connection with the filing of tax returns. *Id.* at 16.

In an action for negligence, a plaintiff must prove four elements: (1) the existence of a duty; (2) a breach of that duty; (3) a resulting injury; and (4) causation. *Ranger Ins. Co. v. Pierce Cty.*, 192 P.3d 886, 889 (Wash. 2008). The existence of a defendant's legal duty is a question of law. *McKown v. Simon Prop. Grp., Inc.*, 344 P.3d 661, 664 (Wash. 2015). "A duty may be predicated on violation of either a statute or common law principles of negligence." *Alhadeff v. Meridian on Bainbridge Island, LLC*, 220 P.3d 1214, 1222 (Wash. 2009).

Although Mr. Miley did not allege his theory expressly, the Court construes Mr. Miley's negligence claim as being based on the same criminal statute on which Mr. Miley tried to rest his fraud claim, using the statute as the duty for Mr. Miley's negligence action. For a criminal statute to create a negligence duty, there must be a "clear manifestation of legislative intent to impose civil liability for [a] violation of [the] statute." *Hostetler v. Ward*, 704 P.2d 1193, 1200 (Wash. Ct.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

App. 1985). Absent a clear manifestation, the court can adopt the statutory requirements as a standard of care in a negligence action if the purpose of the statute is to "(1) protect a class of persons which includes the one whose interest is invaded; (2) to protect the particular interest which is invaded; (3) to protect that interest against the kind of harm which has resulted; and (4) to protect that interest against the particular hazard from which the harm results." *Id.* However, if the statute does not give an express civil cause of action, the court is under no obligation to adopt the statute's prohibitions as defining a person's standard of conduct. Restatement (Second) of Torts § 286 comment d.

There is no clear manifestation that the Washington legislature intended section 9A.56.060 to serve as a duty of care in a negligence action. Mr. Miley has not cited to, nor has the Court discovered, any Washington case that uses section 9A.56.060 as a standard of care in a negligence action. Without a clear manifestation of the legislature's intent to apply section 9A.56.060 in civil causes of action or a previous case in which a Washington court used the statute as the standard of care in a negligence case, the Court will not use the statute as the basis for a negligence duty. Therefore, Mr. Miley's first negligence claim is dismissed for failing to identify a duty that Ms. Pylypets allegedly breached.

Mr. Miley's second negligence claim is based on Ms. Pylypets's failure to participate in the filing of tax information in 2014 and 2015 with Mr. Miley. ECF No. 6 at 16. Mr. Miley argues that Ms. Pylypets "willfully failed to conduct her

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

duty" regarding the tax filings. *Id.* Again, Mr. Miley does not provide the Court with a duty that Ms. Pylypets breached based on either common law or a statute. Therefore, the Court dismisses Mr. Miley's second negligence claim.

***Intentional Negligent Violation of Public Policy***

Mr. Miley's sixth cause of action is one for "Intentional Negligent Violation of Public Policy and Washington State Superior Court Rules (i.e. Abuse of Process)." ECF No. 6 at 15. The tort of "intentional negligent violation of public policy" does not exist in the state of Washington. When asked for the basis of this claim in a deposition, Mr. Miley stated that he would supplement the record when he figured out the basis for the claim under Federal Rule of Civil Procedure 30(e)(1). ECF No. 33-10 at 24–25. Later, Mr. Miley stated that Ms. Pylypets violated state discovery rules in their divorce proceeding. *Id.* at 25–26. This Court has no authority to enforce state discovery rules. In his response to Ms. Pylypets's Motion for Summary Judgment, Mr. Miley failed to provide the basis of the sixth claim of his complaint, and instead accuses counsel for Ms. Pylypets of violating Rule 30. ECF No. 40 at 4–5. Because Mr. Miley fails to provide the basis for his sixth claim beyond the alleged violation of state court discovery rules, the Court dismisses Mr. Miley's sixth claim.

Although the Court has found that it does not have jurisdiction and that dismissal without prejudice with leave to amend may provide Mr. Miley with an opportunity to establish federal court jurisdiction, the Court also has examined the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

merits of each of Mr. Miley's claims and found that none of the claims has merit. Therefore, amendment would be futile. *See Carrico v. City and Cty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment, **ECF No. 31**, is **GRANTED**.

2. Plaintiff's First Amended Complaint, **ECF No. 6**, is **DISMISSED with prejudice**.

3. Judgment shall be entered in favor of Defendant.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide copies to Mr. Miley and counsel, and **close this case**.

**DATED** August 30, 2019.

                                   *s/ Rosanna Malouf Peterson*
                                  ROSANNA MALOUF PETERSON
                                    United States District Judge